NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMILCAR NOE CIFUENTES, Jr., | Nos. 13-74201 |
| Petitioner, | 14-73517 |
| v. | Agency No. A070-184-948 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before:      SILVERMAN, GRABER, and GOULD, Circuit Judges.

Amilcar Noe Cifuentes, a native citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from

an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT") and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his motion to remand (petition No. 13-74201), and the BIA's order denying his motion to reopen (petition No. 14-73517). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo ineffective assistance of counsel claims and we review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petitions for review.

As to petition No. 13-74201, substantial evidence supports the BIA's finding that Cifuentes failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We lack jurisdiction to consider Cifuentes' contention that he established membership in a particular social group because he failed to raise it to the BIA in his direct appeal. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Thus, Cifuentes' asylum and withholding of removal claims fail.

We also lack jurisdiction to consider Cifuentes' contention that he is entitled to CAT relief because he failed to raise any arguments as to the IJ's denial of CAT

relief in his direct appeal. *See id.*

Finally, the BIA did not err in rejecting Cifuentes' ineffective assistance of counsel claim where he failed to demonstrate prejudice. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (no prejudice from ineffective assistance of counsel when petitioner presents no "plausible grounds for relief"). In light of this disposition, we do not reach Cifuentes remaining ineffective assistance of counsel contentions.

As to petition No. 14-73517, the BIA did not abuse its discretion by denying Cifuentes' untimely motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Cano-Merida v. INS*, 311 F.3d 960, 965-66 (9th Cir. 2002) (no abuse of discretion in denying motion to reopen where petitioner did not establish prima facie eligibility for relief).

**No. 13-74201: PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

**No. 14-73517: PETITION FOR REVIEW DENIED.**